# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANTHONY COURTOIS,<br><br>    Plaintiff,<br>vs.<br><br>UNION PACIFIC CORPORATION,<br><br>    Defendant | Cause No.  4:22-CV-133<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant Union Pacific Corporation ("UPC"), by and through undersigned counsel, removes this case to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1441 and 1446, and states as follows:

### STATE COURT ACTION

1. On December 29, 2021, Plaintiff Anthony Courtois filed his Petition in the Circuit Court of the Twenty-Fourth Judicial Circuit, Missouri, in Washington County, Missouri, in Case No. 21WA-CC00490.

2. On January 4, 2022, Defendant was served with summons and Plaintiff's Petition through its registered agent in Clayton, Missouri.

3. Plaintiff alleges that he was injured on or about August 19, 2019, when the vehicle he was operating collided with a train at a grade crossing at North Oak Road in Washington County, Missouri as a result of the negligence of Defendant.

4. Plaintiff named UPC as the single defendant in the action.

### BASIS FOR FEDERAL JURISDICTION

5. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332

because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

### Diversity of Citizenship

6. Plaintiff is a citizen of the State of Missouri. In his state court Complaint Plaintiff alleged that he is a resident of the State of Missouri. According to a LexisNexis "Comprehensive Report," Plaintiff has lived in the State of Missouri since at least 2004. Moreover, upon information and belief, Plaintiff's motor vehicle is registered in the State of Missouri. Defendant's investigation and Plaintiff's own allegations confirm that Plaintiff is not only a resident of Missouri but is a citizen of the state of Missouri with the requisite intent of living within the state "over the long run." See *Heinen v. Northrop Grumman Corp*, 671 F.3d 669, 670 (7th Cir. 2012).

7. UPC is a citizen of Utah and Nebraska, as it is a corporation organized under the laws of Utah and maintains its principal place of business in Nebraska. *See* Exhibit A – Affidavit of J. Menicucci.

### Amount in Controversy

8. Pursuant to state-court rules of pleading, Plaintiff did not specify the exact amount of damages sought. However, in his Petition, Plaintiff asks for damages in an amount in excess of $25,000.00." *See* Exhibit B - Complaint. Further, on behalf of Plaintiff, Attorney Shaun Falvey, previously sent a demand letter dated February 19, 2021 to Union Pacific Railroad Company. Said demand letter seeks two million dollars ($2,000,000.00) to satisfy Plaintiff's claims. *See* Exhibit E – Demand.

9. Where a complaint discloses little about the value of the claims, the court may consider opposing counsel's "good faith estimate of the stakes, . . . if it is plausible and

2

supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). "Once a defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

  10. In *Schmidt v. Flesch*, the Court found that a Plaintiff's allegations stemming from a motor vehicle accident, where they sought damages for past and future medical expenses, lost wages, property damage, future physical and mental pain; coupled with the Plaintiff's settlement demand in the amount of $225,000 dollars satisfied the amount in controversy. *Schmidt v. Flesch*, No. 4:05CV1498 HEA, 2006 U.S. Dist. LEXIS 23040 (E.D. Mo. Apr. 13, 2006).  The Court found that although a settlement demand letter is not dispositive, such a settlement demand is relevant in the determination as to whether the jurisdictional amount is satisfied.  *Id.* at 5.  The Court ultimately held that the settlement demand, the details of the Plaintiff's injuries contained in the settlement demand, and the nature of the allegations, supported its conclusion that the Court's jurisdictional amount in controversy was satisfied.  *See Id* at 5-6.

  11. Here, Plaintiff alleges he sustained serious and severe injuries to his head, brain, neck, back, shoulders, ribs and face. Plaintiff also seeks to recover for past and future pain and suffering, past and future medical bills, and lost earning capacity, allegedly sustained as a result of his injuries. Exhibit B at ¶ 14.

### TIMELINESS OF REMOVAL

  12. UPC was served with summons and Plaintiff's Petition on January 4, 2022.

  13. This removal is timely under 28 U.S.C. § 1446(b), as UPC files this removal on February 3, 2022—within thirty days from first receiving a copy of the Petition.

## **FILING & NOTICE REQUIREMENTS**

14. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon UPC in the state court action is filed as Exhibit B (Petition), Exhibit C (Order of Judge Assignment), and Exhibit D (Notice of Service).

15. As required by 28 U.S.C. § 1446(d), counsel for UPC contemporaneously files a Notice of Filing with the Circuit Court of Washington County Missouri, which will advise the state court and Plaintiff of this removal. A copy of such notice, without exhibits, is attached as Exhibit F.

WHEREFORE, Defendant Union Pacific Corporation removes this action to this Court and respectfully requests that this Court award such further relief as this Court deems appropriate and just.

**DEFENDANT DEMANDS TRIAL BY JURY.**

Respectfully submitted,

/s/ William A. Brasher
William Brasher, #30155MO
Umme Kulsoom Arif, #72471MO
**REIFERS HOLMES & PETERS, LLC**
1010 Market Street, Suite 950
St. Louis, Missouri 63101
P: (314) 621-7700
F: (314) 621-1088
wbrasher@rhpfirm.com
uarif@rhpfirm.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of February 2022, the foregoing was filed electronically using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record:

Shaun M. Falvey
GOLDBLATT + SINGER
8182 Maryland Ave., Ste 801
St. Louis, MO 63105
(314) 231-4100
(314) 241-5078 FAX
sfalvey@stlinjurylaw.com
*Attorneys for Plaintiff*

/s/ William A. Brasher
