IN THE CIRCUIT COURT OF WASHINGTON COUNTY
STATE OF MISSOURI

| | |
|---|---|
| ANTHONY COURTOIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| UNION PACIFIC CORPORATION, | ) |
| Serve:   The Corporation Company | ) |
| 120 South Central Avenue | ) |
| St. Louis, MO 63105 | ) |
| | ) |
| Defendant. | ) |

**PETITION**

COMES NOW Plaintiff, Anthony Courtois, by and through counsel, and for his Petition against Defendant Union Pacific Corporation, states as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff is a resident of the State of Missouri.

2. Defendant Union Pacific Corporation ("UPC") is a foreign corporation in good standing with the State of Missouri, which has purposefully availed itself of the benefits of doing business in Missouri in that UPC owns and maintains property throughout Missouri, routinely and systematically engages in business operations using said property, and retains a registered agent for the receipt of service of process at 120 South Central Ave., Clayton, MO 63105.

3. Venue is proper in this Court as the alleged incident and Plaintiff's resulting injuries which give rise to this action occurred in Washington County, State of Missouri.

4. On or about August 19, 2019, Plaintiff was operating A 2007 Freightliner 16M in a westerly direction of North Oak Road at or near UPC's crossing bearing DOT Crossing Number 446427L.

5. At said time and place, a train was headed southbound, approaching the crossing.

6. Plaintiff was unaware of the train traveling in a southbound direction because excessive brush or other vegetation alongside the tracks precluded Plaintiff from seeing the approaching train until his vehicle was in the zone of danger of the railroad crossing.

7. As a result of being unaware of the southbound train, Plaintiff drove his vehicle onto the railroad tracks located at the crossing when the train violently struck Plaintiff's vehicle, catapulting it off the tracks and causing parts to Plaintiff's vehicle to be strewn about the right-of-way and adjacent property.



**COUNT I**
**NEGLIGENCE**

COMES NOW, Plaintiff Anthony Courtois, through counsel, and for Count I of his cause of action against Defendant Union Pacific Corporation ("UPC"), state as follows:

8. Plaintiff re-states, re-alleges and incorporates by reference paragraphs 1-7 as if fully set forth herein.

9. The aforementioned crossing at the time of the aforementioned occurrence was dangerous in that the views of motorists and the train engineers were obstructed by overgrown brush/ vegetation rendering it impossible for Plaintiff and the oncoming train engineer to visualize one another.

10. At all relevant times, Defendant UPC owned, controlled and/or maintained the property where the overgrown vegetation/brush was located.

 

11. At all relevant times, Defendant UCP owed the public, including Plaintiff, a duty to exercise reasonably care in inspecting and maintaining its right-of-way near North Oak Road and the subject crossing.

12. UPC knew or by using ordinary care could have known that the above-depicted area was in a dangerous and defective condition in that the vegetation was overgrown, and Defendant UPC was therefore negligent in one or more of the following respects:

    a. Defendant UPC failed to remove the dangerous condition;

    b. Defendant UPC failed to warn of the dangerous condition;

    c. Defendant UPC failed to control the vegetation/ brush growth;

    d. Defendant UPC failed to maintain the right-of-way in a safe and reasonable manner;

    e. Defendant UPC failed to ensure there were no unobstructed sight lines at the grade crossing;

    f.   Defendant UPC failed to adequately clear the right-of-way from vegetation/brush;

    g.   Defendant UPC failed to design and construct a reasonably safe crossing for vehicular travel by eliminating the site and distance obstructions of vegetation;

    h.   Defendant UPC failed to issue slow orders to protect the public in and around the crossing;

13. As a direct and proximate result of Defendant UPC's carelessness and negligence as detailed above, Plaintiff was seriously injured and damaged; Plaintiff sustained injuries to his head, brain, neck, back, shoulders, ribs and face; Plaintiff required medical treatment, including surgery, and will require treatment in the future; Plaintiff's ability to work, labor, and enjoy life has been and will be impaired, all to his detriment and damage.

14. As a direct and proximate result of Defendant UPC's carelessness and negligence, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future; Plaintiff lost wages and will lose wages in the future.

**WHEREFORE**, Plaintiff Anthony Courtois respectfully prays this Court enter judgment against Defendant Union Pacific Corporation in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars (**$25,000**), together with costs herein incurred, and for such other and further relief as this Court deems just under the circumstances.

### COUNT II – NEGLIGENCE PER SE: FAILURE TO MAINTAIN THE VEGETATION WITHIN THE RIGHT-OF-WAY AT A PUBLIC GRADE CROSSING

COMES NOW, Plaintiff Anthony Courtois, through counsel, and for Count I of his cause of action against Defendant Union Pacific Corporation ("UPC"), state as follows:

15. Plaintiff re-states, re-alleges and incorporates by reference paragraphs 1-14 as if fully set forth herein.

16. R.S.Mo. § 389.665(2) states:

> It shall be the duty of every corporation or person owning or operating any railroad or branch thereof in this state to maintain the right-of-way at public grade crossings

so that it will be reasonably clear of vegetation, undergrowth or other debris for a distance of two hundred fifty feet each way from the near edge of such crossings where such things would materially obscure approaching trains from the view of travelers on the highway.

17. Defendant UPC is subject to R.S.Mo. § 389.665(2) and the requirement that it maintain the crossing reasonably clear of vegetation for a distance of two hundred fifty feet from the near edge of the crossing within Defendant UPC's right of way where vegetation would materially obscure approaching trains from the view of travelers on the roadway.

18. Plaintiff is a member of the class that R.S.Mo. § 389.665(2) is designed to protect.

19. R.S.Mo. §389.665(2) is intended to prevent collisions such as the one described in this Petition.

20. At all times relevant to this Petition, the crossing was obscured by vegetation within two hundred fifty feet from the edge of the crossing within Defendant UPC's right of way, such that it materially obscured the view of approaching trains to oncoming travelers, including Plaintiff.

21. Defendant UPC was negligent per se by failing to maintain the crossing clear of vegetation within two hundred fifty feet from the edge of the crossing within their right of way on the date of the collision described herein.

22. Defendant Union Pacific's failure to maintain its crossing in accordance with R.S.Mo. §389.665(2) was a direct and proximate cause of the collision described in this Petition.

23. As a direct and proximate result of Defendant UPC's carelessness and negligence as detailed above, Plaintiff was seriously injured and damaged; Plaintiff sustained injuries to his head, brain, neck, back, shoulders, ribs and face; Plaintiff required medical treatment, including surgery, and will require treatment in the future; Plaintiff's ability to work, labor, and enjoy life has been and will be impaired, all to his detriment and damage.

24. As a direct and proximate result of Defendant UPC's carelessness and negligence, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future; Plaintiff lost wages and will lose wages in the future.

**WHEREFORE**, Plaintiff Anthony Courtois respectfully prays this Court enter judgment against Defendant Union Pacific Corporation in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars (**$25,000**), together with costs herein incurred, and for such other and further relief as this Court deems just under the circumstances.

GOLDBLATT + SINGER

*/S/ Shaun M. Falvey*
SHAUN M. FALVEY #55294
sfalvey@stlinjurylaw.com
8182 Maryland Ave., Ste. 801
St. Louis, MO 63105
(314) 231-4100
(314) 241-5078 - fax
